**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Phelix Pringle, | No. CV 04-0081-PHX-DGC (BPV) |
| Plaintiff, | **ORDER** |
| vs. | |
| Madison Street Jail, et al., | |
| Defendants. | |

In this civil rights action brought by a state prisoner, Defendants Archer and Martinez moved for summary judgment on Plaintiff's excessive force claim (Doc. ##23-25). Plaintiff responded, and Defendants replied (Doc. ##43-44). The Court will grant the motion.

**I. Procedural History**

In his Complaint, Plaintiff alleged that on October 29, 2003, at the Madison Street Jail he was awoken by officers beating him "about the legs, arms and ribs" with "punches [and] sharp strategic snapping jabs to my ribs and thighs" (Compl. at 4, Doc. #1). Plaintiff did not identify the officers who beat him, but he alleged that Officers Archer and Martinez were on-duty (Id. at 2, 4). According to Plaintiff, his cellmates were witnesses and they complained (Id. at 4-5). Plaintiff also lists Calvin James, Ruben Garza, Mr. Loveday, Mr. Moreno, and Michael McHae as witnesses, and he claims the security cameras taped the incident (Id.). The Court ordered Officers Archer and Martinez to answer (Doc. #5).

1   Archer and Martinez moved for summary judgment, contending that the force used
2   to wake Plaintiff was reasonable and that they are entitled to qualified immunity (Doc. ##23-
3   24). In support, they submit the affidavit of Officer Archer, medical notes of Plaintiff's care
4   following the incident, a disciplinary action report against Plaintiff, and Plaintiff's grievances
5   about the incident (Doc. #25).

6   Plaintiff was warned regarding his rights and obligations to respond to the summary
7   judgment motion, including the requirement that he file a separate statement of facts (Doc.
8   ##26-27). He was also warned that if he failed to submit evidence to controvert evidence
9   submitted by Defendants, summary judgment might be granted against him (Id.). Three
10  times he was granted additional time to respond (Doc. ##29-30, 33, 37, 42).

11  Plaintiff then filed a three-page "Answer" as a response to Defendants' motion, with
12  no evidence attached to it (Doc. #43). He asserted that the officer stated in his initial
13  disciplinary write-up that he entered Plaintiff's cell alone and "assaulted" him (Id. at 1).
14  Plaintiff further argued that when he sought videotapes of the incident during the grievance
15  process, they "mysteriously disappeared" (Id. at 2). Plaintiff argues that the proper way to
16  wake up a sleeping inmate is to bang on the bed or a wall and if the inmate does not respond,
17  to call for medical help (Id.). He also offers to dismiss his case if Archer passes a lie detector
18  test (Id.).

19  Defendants replied that Plaintiff's response is a repetition of the allegations in his
20  Complaint, which he cannot rest upon to defeat summary judgment, and that he failed to
21  submit a statement of facts as required by local rule (Doc. #44).

22  **II. Legal Standards**

23  **A. Summary Judgment Standard**

24  A court must grant summary judgment if the pleadings and supporting documents,
25  viewed in the light most favorable to the non-moving party, "show that there is no genuine
26  issue as to any material fact and that the moving party is entitled to judgment as a matter of
27  law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).
28  When considering a summary judgment motion, the evidence of the non-movant is "to be

believed, and all justifiable inferences are to be drawn in his favor." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). These inferences are limited, however, "to those upon which a reasonable jury might return a verdict." Triton Energy Corp. v. Square D. Co., 68 F.3d 1216, 1220 (9th Cir. 1995).

Rule 56(c) mandates the entry of summary judgment against a party who, after adequate time for discovery, fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which the party will bear the burden of proof at trial. Celotex, 477 U.S. at 322-23. Rule 56(e) compels the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial" and not to "rest upon the mere allegations or denials of [the party's] pleading." The nonmoving party must do more than "simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party. Anderson, 477 U.S. at 249. Summary judgment is warranted if the evidence is "merely colorable" or "not significantly probative." Id. at 249-50.

### B. Excessive Force

It is unclear whether Plaintiff was a pretrial detainee while at the Madison Street Jail. The Eighth Amendment applies to convicted prisoners, but the Fourth Amendment applies to excessive force claims by pretrial detainees. Lolli v. County of Orange, 351 F.3d 410, 415 (9th Cir. 2003). Because the Fourth Amendment standard favors Plaintiff, the Court will analyze this action under its standards. Under the Fourth Amendment, the question is whether the officer's actions were objectively reasonable in light of the facts and circumstances confronting him, without regard to underlying intent or motivation. Id. (citing Graham v. Connor, 490 U.S. 386, 397 (1989)).

### III. Factual Background

The record shows that the following facts are undisputed unless otherwise noted. On October 29, 2003, at 1:30 p.m., Plaintiff was sleeping on the top bunk in his cell at the Madison Street Jail. Archer and Martinez were conducting a routine search for contraband

1  (Martinez Aff. ¶ 3, Ex. 1, Doc. #25).  Archer gave several loud and clear orders for him to
2  get up and leave the cell (Id. ¶ 5).  Plaintiff did not move.

3  Archer went into the cell and tapped Plaintiff on the shoulder (Martinez Aff. ¶ 6, Doc.
4  #25), but Plaintiff claims that he was awoken by punches and jabs to his ribs and thighs
5  (Compl. at 4, Doc. #1).  When Plaintiff awoke, he began cursing at Archer for waking him
6  up (Martinez Aff. ¶ 6, Doc. #25).  Archer again ordered Plaintiff to leave his cell, but he
7  refused (Id. ¶ 7).  Archer then assisted in lifting Plaintiff off the bunk and to his feet, but
8  Plaintiff started swinging his arms to pull away (Id.).  Archer then took Plaintiff to the floor
9  and applied restraints (Id. ¶ 8).  Plaintiff complained of wrist pain and was taken to the jail
10 clinic for treatment (Id. ¶ 9).  The medical notes indicate that he had abrasions on his left arm
11 and right buttock, and a scalp wound (Ex. 2, Doc. #25).  His abrasions were cleaned, warm
12 compresses were applied, and he was given Tylenol (Id.).  He was cleared to return to his cell
13 with no medical restrictions (Martinez Aff. ¶ 9).

14 Plaintiff was charged by Archer with resisting being cuffed, refusing direct orders, and
15 disruptive conduct (Ex. 3, Doc. #25).  He was found guilty and sentenced to 15 days of
16 disciplinary segregation (Id.).  The reviewing officer noted that Plaintiff "likes to make
17 misleading statements" and concurred with Archer's statement that Plaintiff had lied during
18 the incident by saying that he was under psychiatric evaluation (Id.).

19 Plaintiff filed a grievance in which he claimed that Archer "accosted me physically
20 to awake[n me]" (Ex. 4, Doc. #25).  Archer's written response to the grievance stated that
21 he twice shouted at Plaintiff to wake up, then tapped him on the shoulder, and told him to
22 leave his cell (Id.).  Plaintiff appealed through all the levels in the grievance system with no
23 success (Exs. 4-7, Doc. #25).  At the final step, the External Referee found that Archer's
24 actions to wake up Plaintiff were proper (Ex. 7, Doc. #25).

25 **IV.  Analysis**

26 The dispute in this action concerns the type of force that may be used to awaken a
27 sleeping inmate for a cell search.  There does not appear to be a dispute over the force that
28 was used to remove Plaintiff from his cell once he was awake, because Plaintiff's response

- 4 -

1  does not in any way counter Defendants' evidence that Plaintiff became combative and a
2  take-down was required to regain control. For the force used to awaken Plaintiff, Defendants
3  contend that Archer tapped Plaintiff. Plaintiff, however, asserts that he was "accosted" or
4  "assaulted," and alleges specifically in his Complaint that he was awoken by beating around
5  his legs and sharp jabs to his ribs and thighs.

6  Even if being awoken by a jab or a punch was an unreasonable use of force, Plaintiff's
7  version of events is unsupported by anything other than the bare allegations in his Complaint.
8  Bald assertions that there are genuine issues of material fact are insufficient to withstand
9  summary judgment. Galen v. County of Los Angeles, 2006 WL 3198261, at *3 (9th Cir.
10 Nov. 7, 2006). First, Plaintiff's written statements made during the grievance process
11 describe the incident using a nonspecific term  –  the officer "accosted me" – and Plaintiff
12 recommended that the officer employ other methods to awaken an inmate such as striking
13 the bed or wall or shouting in his ear. He did not describe any type of beating or jabbing or
14 punching in his grievances. Second, Plaintiff has not submitted a statement from any of the
15 numerous witnesses identified in his Complaint, including his cellmates and the entire
16 population in his pod. The missing evidence is significant, especially considering that
17 Plaintiff claimed that his cellmates complained about the incident and that the entire pod saw
18 the incident. Third, Plaintiff asserted that there was a videotape of the incident, but there is
19 nothing to show that he attempted to obtain it in discovery. Although he alleged that it
20 disappeared during the grievance process, there is no indication that the tape would
21 necessarily be unavailable during discovery and, at a minimum, an explanation for its
22 disappearance could have been obtained. Thus, Plaintiff's allegations in his Complaint are
23 unsupported. A factual dispute is genuine only if a reasonable trier of fact could find in favor
24 the nonmoving party. Anderson, 477 U.S. at 248. Because Plaintiff's conclusory statements
25 are unsubstantiated, a reasonable jury could not find in his favor.

26 In addition, Plaintiff asserted in his Complaint that he suffered deep-seated bruises,
27 wrist and neck pain. There is nothing to show, however, that these injuries occurred when
28 he was jabbed in the ribs and thighs upon being awoken, instead of during the take-down.

1  The only evidence of medical care were medical notes submitted by Defendants which
2  indicate that Plaintiff suffered abrasions on his left arm and buttock, not to his ribs and
3  thighs.  Also, in his grievances, Plaintiff did not complain about any type of injury.  Thus,
4  there is no proof that Plaintiff suffered any injury when he was awoken, and a reasonable
5  jury could not find that the force used to wake up Plaintiff was unreasonable.

6  In sum, Plaintiff has not sufficiently rebutted Defendants' motion, and the verified
7  allegations in his Complaint are insufficient to withstand summary judgment. On this record,
8  no reasonable jury could find that the force used to awaken Plaintiff was objectively
9  unreasonable.  The Court will grant Defendants' motion.

10  **IT IS ORDERED** that Defendants' Motion for Summary Judgment (Doc. #23) is
11  **granted**.  The Clerk must enter judgment in favor of Defendants.

12  DATED this 27th day of November, 2006.

_____
David G. Campbell
United States District Judge